# Illinois Official Reports

## Appellate Court

***Village of Lake in the Hills v. Niklaus*, 2014 IL App (2d) 130654**

| | |
|---|---|
| Appellate Court Caption | THE VILLAGE OF LAKE IN THE HILLS, an Illinois Municipal Corporation, Plaintiff-Appellant, v. DENNIS NIKLAUS, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-13-0654 |
| Filed | May 15, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A hearing officer's assessment of fines against defendant, based on findings pursuant to the administrative adjudication hearing system adopted by the village under division 2.1 of the Illinois Municipal Code that defendant violated ordinances of plaintiff village, was enforceable in the circuit court; therefore, the trial court's judgment finding that no statutory authority existed to allow the village to enroll and enforce the hearing officer's orders was reversed and the cause was remanded for further proceedings, especially when the village's procedure of filing exemplified copies of the hearing officer's orders in the circuit court of the county in which the village was located was appropriate. |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, Nos. 12-SC-2558, 12-SC-2559, 12-SC-2560, 13-LM-26, 13-LM-27; the Hon. John D. Bolger, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Jennifer J. Gibson, of Zukowski, Rogers, Flood & McArdle, of Crystal Lake, for appellant. |
| | |
| | No brief filed for appellee. |
| | |
| | Brian D. Day and Roger Huebner, both of Illinois Municipal League, of Springfield, *amicus curiae*. |
| | |
| Panel | JUSTICE HUDSON delivered the judgment of the court, with opinion. Presiding Justice Burke and Justice McLaren concurred in the judgment and opinion. |

**OPINION**

¶ 1    Division 2.1 of the Illinois Municipal Code (Municipal Code) (65 ILCS 5/1-2.1-1 *et seq.* (West 2012)) permits a home-rule municipality to establish an administrative adjudication hearing system to adjudicate the violation of certain municipal ordinances. In the present case, an administrative adjudication hearing officer for the Village of Lake in the Hills (Village) found defendant, Dennis Niklaus, liable for various municipal ordinance violations and assessed fines against defendant. Thereafter, the Village sought to enforce the hearing officer's orders in the circuit court of McHenry County pursuant to division 2.1 of the Municipal Code. The court denied the Village's petitions, finding that there is no statutory authority that would allow the Village to enroll and enforce the hearing officer's orders in the circuit court. Thereafter, the Village initiated the present appeal. For the reasons set forth below, we disagree with the trial court and hold that an order rendered following an administrative adjudication proceeding held pursuant to division 2.1 of the Municipal Code is enforceable in the circuit court. We further hold that the method attempted by the Village to initiate enforcement in this case–filing exemplified copies of the hearing officer's orders in the circuit court of the county in which the municipality is located–is appropriate under division 2.1 of the Municipal Code.

¶ 2                                    I. BACKGROUND

¶ 3    The facts relevant to this appeal are not disputed. The Village is a home-rule municipality located in McHenry County, Illinois. Defendant is a resident of the Village. The Village operates an administrative adjudication hearing system pursuant to division 2.1 of the Municipal Code (65 ILCS 5/1-2.1-1 *et seq.* (West 2012)) and section 15 of the Lake in the Hills Municipal Code (Village Code) (Lake in the Hills Municipal Code § 15 (amended May 22, 2008)).

- 2 -

¶ 4      Between May 3, 2012, and July 2, 2012, the Village charged defendant by complaint on an almost daily basis with violations of sections 6.04(A) and 6.06 of the Village Code (Lake in the Hills Municipal Code §§ 6.04(A), 6.06 (amended Dec. 13, 2007)). Section 6.04(A) of the Village Code provides in relevant part that "no person shall erect or maintain any structure or thing on, over or under any street, alley, sidewalk, or public right-of-way except by permit from the Board of Trustees." Lake in the Hills Municipal Code § 6.04(A) (amended Dec. 13, 2007). Section 6.06 of the Village Code provides in relevant part that "[n]o person shall place any materials on or over any street, sidewalk, or public place without a permit from the Public Works Director." Lake in the Hills Municipal Code § 6.06 (amended Dec. 13, 2007). The various notices commanded defendant to appear before the Village's administrative adjudication hearing officer at certain dates and times to respond to the charges alleged in the complaints.

¶ 5      On June 13, June 27, July 11, July 25, and August 8, 2012, the hearing officer presiding over the adjudicatory hearings entered orders finding defendant liable for the violations and assessing fines of $5,000, $5,000, $6,250, $13,750, and $17,500, respectively, plus costs of hearing. The orders entered on June 13, June 27, July 25, and August 8, 2012, were entered by default after defendant failed to appear on the required dates and at the required times. The order entered on July 11, 2012, was entered following a hearing.

¶ 6      Thereafter, the Village sought to enforce the administrative adjudication orders in the circuit court of McHenry County. To this end, on July 23, 2012, the Village filed with the McHenry County recorder a memorandum of judgment with respect to each of the administrative adjudication orders entered on June 13, June 27, and July 11, 2012. On August 6, 2012, the Village filed with the McHenry County circuit clerk copies of the June 13, June 27, and July 11, 2012, administrative adjudication orders and a copy of the memorandum of judgment for each order. Each pleading was preceded by a "Foreign/Intrastate Judgment Cover Sheet" form provided by the McHenry County circuit clerk. The cover sheet instructed the filer to check one of two boxes to indicate the type of case, either "Transcript of Judgment" or "Petition to Register Foreign Judgment." See 735 ILCS 5/12-106 (West 2012) (providing for the enforcement of a judgment entered in any Illinois county upon the filing of a transcript of judgment in any other Illinois county); 735 ILCS 5/12-650 *et seq.* (West 2012) (pertaining to the registration of a foreign judgment). The Village checked the box labeled "Petition to Register Foreign Judgment" on the cover sheet for each case. The pleading related to the June 13, 2012, administrative adjudication order was docketed in the trial court as case No. 12-SC-2558, the pleading related to the June 27, 2012, administrative adjudication order was docketed as case No. 12-SC-2560, and the pleading related to the July 11, 2012, administrative adjudication order was docketed as case No. 12-SC-2559.

¶ 7      On August 21, 2012, the Village filed supplementary proceedings in case Nos. 12-SC-2558, 12-SC-2559, and 12-SC-2560. See 735 ILCS 5/2-1402 (West 2012). On September 19, 2012, the trial court dismissed the supplementary proceedings and denied enforcement, finding that the administrative adjudication orders were not "certified or exemplified." The trial court also ordered the Village to submit a brief as to the Village's authority to enforce an administrative adjudication order in the circuit court.

¶ 8    On September 21, 2012, the Village filed certified copies of the June 13, June 27, and July 11, 2012, administrative adjudication orders. On October 4, 2012, the Village submitted a memorandum of law in support of its request to enforce the administrative adjudication orders in the circuit court. Among other things, the Village argued that it has the authority to enforce the orders entered by its administrative adjudication hearing officer against defendant in the circuit court pursuant to section 1-2.1-8(b) of the Municipal Code (65 ILCS 5/1-2.1-8(b) (West 2012)), which provides in relevant part that "the findings, decision, and order of the hearing officer may be enforced in the same manner as a judgment entered by a court of competent jurisdiction." On October 11, 2012, the Village filed exemplified copies of the June 13, June 27, and July 11, 2012, administrative adjudication orders. On December 17, 2012, following brief argument, the court dismissed the proceedings without prejudice, reasoning that the box checked on each cover sheet filed on August 6, 2012, was the box for foreign judgments, which was the wrong box. The trial court granted the Village 30 days to file "an amended petition/registration action to enforce" the administrative adjudication orders.

¶ 9    On January 15, 2013, the Village filed in case Nos. 12-SC-2558, 12-SC-2559, and 12-SC-2560 three pleadings styled "Amended Petition to Enforce Administrative Adjudication Judgment in Home Rule Municipality," seeking once again to enforce the June 13, June 27, and July 11, 2012, administrative adjudication orders. Also on January 15, 2013, the Village filed two pleadings styled "Petition to Enforce Administrative Adjudication Judgment in Home Rule Municipality," seeking to enforce the July 25 and August 8, 2012, administrative adjudication orders. The pleading related to the July 25 order was docketed as case No. 13-LM-26, and the pleading related to the August 8 order was docketed as case No. 13-LM-27. All five petitions were accompanied by exemplified copies of the relevant administrative adjudication orders.

¶ 10    On March 28, 2013, defendant responded to the Village's amended petition in case No. 12-SC-2559, which related to the July 11, 2012, administrative adjudication order. In his response, defendant argued that the July 11 administrative adjudication order was not a final determination, because it lacked specific findings. Defendant argued that, because the July 11 administrative adjudication order was not final, the time for administrative review had not passed and, therefore, the July 11 order could not yet be enforced. On June 7, 2013, the trial court held a hearing on the Village's amended petition in case No. 12-SC-2559. Following the hearing, the trial court denied the Village's amended petition. In so ruling, the trial court stated:

"The only relevant question before the court then becomes what subject matter jurisdiction in the enforcement of the administrative hearing order is conferred [to] the Illinois Circuit Court by the Illinois Municipal Code, section 65 ILCS 5/1-2.1-8. (Unintelligible) the language of the Act remained silent as to the Circuit Court's involvement in the enforcement of these hearing officer's orders. that, at most, the language of section 65 ILCS 5/1-2.1-8 fails to define what, if any, role the Illinois Circuit Courts have in the enforcement of the administrative order. It remains unclear whether or not the Illinois Courts even have a role in the enforcement of the hearing

officer's orders. The act itself can be read to grant enforcement authority to the administrative adjudicatory officer themselves [*sic*].

Finally, even if the Act could be construed to grant subject matter jurisdiction of the Circuit Court [*sic*], the Act remains completely silent as to the mechanism of an (unintelligible) or filing or serving or any necessary procedural process for the court to consider such a request for enforcement.

Again, this court is unaware of any other statutes. For example, in Illinois, Enforcement of Foreign Judgments Act or the enrollment of a judgment from another county, which would provide for a procedure to enforce these, quote, orders, unquote, in the Circuit Court.

My finding is that the statute itself is unclear concerning of the procedure [*sic*], if any, the Circuit Court could take to enroll the enforcement of an administrative order.

Secondly, there is no statutory authority in the court of civil procedure [*sic*] to enroll such an order of an administrative hearing officer.

The court finds that the petition filed by the Village of Lake in the Hills is not a judgment and cannot be enforced as a judgment in the Circuit Court."

¶ 11    After entering its ruling, the trial court granted defendant's previously filed motion to consolidate case Nos. 12-SC-2558, 12-SC-2560, 13-LM-26, and 13-LM-27 with case No. 12-SC-2559 and likewise denied those petitions to enforce related to the June 13, June 27, July 25, and August 8, 2012, administrative adjudication orders. The Village filed a notice of appeal on June 21, 2013.

¶ 12                                              II. ANALYSIS

¶ 13    On appeal, the Village argues that the trial court erred in denying its petitions to enforce the administrative adjudication orders entered by its hearing officer. According to the Village, the unambiguous language of section 1-2.1-8 of the Municipal Code (65 ILCS 5/1-2.1-8 (West 2012)) expressly permits a home-rule municipality to enforce its administrative adjudication orders in the circuit court. The Village further asserts that such an administrative adjudication order may be enforced in the same manner as an out-of-county, intrastate judgment, that is by filing a transcript of the order in the circuit court (see 735 ILCS 5/12-106 (West 2012)) and then commencing supplementary proceedings. As such, the Village urges this court to reverse the trial court's judgment and remand this cause for further proceedings.[1]

¶ 14    Prior to addressing the Village's argument, we note that defendant has not filed a brief with this court. In *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), the supreme court explained the options available to a reviewing court when an appellee does not file a brief:

"We do not feel that a court of review should be compelled to serve as an advocate for the appellee or that it should be required to search the record for the

---

[1]We allowed the Illinois Municipal League to file an *amicus curiae* brief in support of the Village.

purpose of sustaining the judgment of the trial court. It may, however, if justice requires, do so. Also, it seems that if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal. In other cases if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of the trial court may be reversed."

Thus, in the absence of an appellee's brief, a reviewing court has three options: (1) the court may serve as an advocate for the appellee and decide the case when the court determines that justice so requires; (2) the court may decide the merits of the case if the record is simple and the issues can be easily decided without the aid of an appellee's brief; or (3) the court may reverse the trial court when the appellant's brief demonstrates *prima facie* reversible error that is supported by the record. *First Capitol Mortgage Corp.*, 63 Ill. 2d at 133; see also *Thomas v. Koe*, 395 Ill. App. 3d 570, 577 (2009) (discussing the three discretionary options an appellate court may exercise in the absence of an appellee's brief). For the reasons set forth below, we find that the Village's brief and the record demonstrate *prima facie* reversible error. Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings.

¶ 15    The issues presented in this case are whether an administrative adjudication order entered by an administrative adjudication hearing officer of a home-rule municipality may be enforced in the circuit courts of this state, and, if so, what mechanism is available for enforcement. Resolution of these matters requires us to engage in statutory construction. The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Ferris, Thompson, & Zweig, Ltd. v. Esposito*, 2014 IL App (2d) 130129, ¶ 12. The most reliable indicator of legislative intent is the language of the statute itself, which should be given its plain and ordinary meaning. *Edwards v. Addison Fire Protection District Firefighters' Pension Fund*, 2013 IL App (2d) 121262, ¶ 40. Where the language of the statute is clear and unambiguous, it must be applied as written, without resort to other tools of statutory construction. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 255 (2004). Further, a court should not depart from a statute's plain language by reading into it exceptions, limitations, or conditions that the legislature did not express or that render any part of the statute meaningless or superfluous. *Solon v. Midwest Medical Records Ass'n*, 236 Ill. 2d 433, 440-41 (2010). We may also consider the consequences that would result from construing the statute one way or another, and, in doing so, we presume that the legislature did not intend to create absurd, inconvenient, or unjust results. *People v. Marshall*, 242 Ill. 2d 285, 293 (2011). Statutory construction is a question of law, subject to *de novo* review. *Lucas v. Prisoner Review Board*, 2013 IL App (2d) 110698, ¶ 15.

¶ 16    We begin by briefly reviewing division 2.1 of the Municipal Code (65 ILCS 5/1-2.1-1 *et seq.* (West 2012)). Division 2.1 is entitled "Administrative Adjudications" and allows a home-rule municipality to establish by ordinance "a system of administrative adjudication of municipal code violations to the extent permitted by the Illinois Constitution." 65 ILCS 5/1-2.1-2 (West 2012). Under the statute, an administrative adjudication proceeding is instituted upon the filing of a written pleading by an authorized official of the municipality.

65 ILCS 5/1-2.1-4(d) (West 2012). Parties to the administrative adjudication proceeding are entitled to due process of law, including notice and an opportunity to be heard. 65 ILCS 5/1-2.1-5 (West 2012). The administrative adjudication proceeding is presided over by a hearing officer, who must be an attorney licensed to practice law in Illinois for at least three years. 65 ILCS 5/1-2.1-4(b), (c) (West 2012). The powers and duties of the hearing officer are set forth in the statute. 65 ILCS 5/1-2.1-4(b) (West 2012). Any final decision by the hearing officer that a code violation does or does not exist constitutes "a final determination for purposes of judicial review and shall be subject to review under the Illinois Administrative Review Law [(735 ILCS 5/3-101 *et seq.* (West 2012))]." 65 ILCS 5/1-2.1-7 (West 2012).

¶ 17    Central to our analysis in this case is section 1-2.1-8 of the Municipal Code (65 ILCS 5/1-2.1-8 (West 2012)). Section 1-2.1-8 is entitled "Enforcement of judgment" and contains five separate subsections. Subsection (a) provides:

> "(a) Any fine, other sanction, or costs imposed, or part of any fine, other sanction, or costs imposed, remaining unpaid after the exhaustion of or the failure to exhaust judicial review procedures under the Illinois Administrative Review Law are a debt due and owing the municipality and may be collected in accordance with applicable law." 65 ILCS 5/1-2.1-8(a) (West 2012).

Subsection (b) reads:

> "(b) After expiration of the period in which judicial review under the Illinois Administrative Review Law may be sought for a final determination of a code violation, unless stayed by a court of competent jurisdiction, the findings, decision, and order of the hearing officer may be enforced in the same manner as a judgment entered by a court of competent jurisdiction." 65 ILCS 5/1-2.1-8(b) (West 2012).

Section 1-2.1-8 also provides a mechanism for a municipality to recoup certain expenses, including attorney fees and court costs (65 ILCS 5/1-2.1-8(c) (West 2012)), permits a municipality to record a lien against property and enforce the lien (65 ILCS 5/1-2.1-8(d) (West 2012)), and allows an administrative adjudication hearing officer to vacate orders entered by default within 21 days of their issuance (65 ILCS 5/1-2.1-8(e) (West 2012)).

¶ 18    Based on the foregoing, we conclude that a plain reading of section 1-2.1-8 of the Municipal Code demonstrates that the legislature clearly intended orders entered by an administrative adjudication hearing officer pursuant to division 2.1 of the Municipal Code to be enforceable. Section 1-2.1-8 is labeled "Enforcement of judgment" (see *Gallaher v. Hasbrouk*, 2013 IL App (1st) 122969, ¶ 31 (considering statutory heading in interpreting plain language of statute)), and subsection (b) (65 ILCS 5/1-2.1-8(b) (West 2012)) expressly provides that "the findings, decision, and order of the hearing officer may be *enforced* in the same manner as a judgment entered by a court of competent jurisdiction." (Emphasis added.) That the legislature contemplated the enforcement of a home-rule municipality's administrative adjudication orders is made even clearer when section 1-2.1-8 is examined in conjunction with provisions of the Code of Civil Procedure (735 ILCS 5/1-101 *et seq.* (West 2012)).

¶ 19    In this regard, as noted earlier, subsection 1-2.1-8(a) of the Municipal Code (65 ILCS 5/1-2.1-8(a) (West 2012)) provides that "[a]ny fine, other sanction, or costs imposed, or part of any fine, other sanction, or costs imposed, remaining unpaid after the exhaustion of or the failure to exhaust judicial review procedures under the Illinois Administrative Review Law are a debt due and owing the municipality and may be collected in accordance with *applicable law*." (Emphasis added.) In Illinois, "applicable law" relating to collections includes supplementary proceedings under the Code of Civil Procedure (735 ILCS 5/2-1402 (West 2012)), nonwage garnishments (735 ILCS 5/12-701 *et seq.* (West 2012)), and wage garnishments (735 ILCS 5/12-801 *et seq.* (West 2012)). Relevant to our discussion here, section 2-1402 of the Code of Civil Procedure (735 ILCS 5/2-1402 (West 2012)) provides a mechanism by which a judgment creditor may initiate supplementary proceedings against a judgment debtor or a third party to discover the assets of a judgment debtor and apply those assets to satisfy an underlying judgment. Importantly, section 2-1402 places certain restrictions on the procedures applicable to a citation to discover assets when related to "the enforcement of any order or judgment resulting from an adjudication of a municipal ordinance violation that is subject to Supreme Court Rules 570 through 579, *or from an administrative adjudication of such an ordinance violation*." (Emphasis added.) 735 ILCS 5/2-1402(o) (West 2012); see also 735 ILCS 5/12-107.5 (West 2012) (restricting use of body attachments when related to the enforcement of an order or judgment resulting from an administrative adjudication of a municipal ordinance violation). These provisions of the Code of Civil Procedure clearly show that the legislature anticipated judicial enforcement of administrative adjudications of municipal ordinance violations.

¶ 20    Nevertheless, the trial court concluded that the Municipal Code was unclear regarding the role of a circuit court in the enforcement of an order of an administrative adjudication hearing officer. We disagree. As noted above, section 1-2.1-8(b) (65 ILCS 5/1-2.1-8(b) (West 2012)) instructs that an order of an administrative adjudication hearing officer "may be enforced in the *same manner* as a judgment entered by a court of competent jurisdiction." (Emphasis added.) In this case, the Village equates the order entered by its administrative adjudication hearing officer with a judgment entered in another county. Accordingly, the Village urges application of the enforcement mechanism set forth in section 12-106 of the Code of Civil Procedure (735 ILCS 5/12-106 (West 2012) ("Upon the filing in the office of the clerk of any circuit court in any county in this State of a transcript of a judgment entered in any other county of this State, enforcement may be had thereon in that county, in like manner as in the county where originally entered.")). However, we are not dealing with an out-of-county judgment here. Thus, we do not find section 12-106 applicable. Instead, we are presented with an order entered by a hearing officer for a home-rule municipality located in McHenry County–the same county in which the Village is seeking enforcement. Since section 1-2.1-8(b) of the Municipal Code (65 ILCS 5/1-2.1-8(b) (West 2012)) instructs that an order of a hearing officer of a home-rule municipality may be enforced in the "same manner" as a judgment entered by a court of competent jurisdiction, we conclude that the hearing officer's order is to be treated as the equivalent of a judgment rendered in the circuit court of the county in which the municipality is located. As such, the hearing officer's order

- 8 -

is enforced as if it had been entered by the circuit court itself. In other words, upon the exhaustion of (or failure to exhaust) judicial review, the hearing officer's order becomes a judgment capable of enforcement. At that point, the municipality may simply file a copy of the hearing officer's order in the circuit court and then commence collection proceedings as authorized by Illinois law. See Ill. S. Ct. R. 277(a) (eff. Jan. 4, 2013) ("A supplementary proceeding authorized by section 2-1402 of the Code of Civil Procedure may be commenced at any time with respect to a judgment which is subject to enforcement ***."); *Bianchi v. Savino Del Bene International Freight Forwarders, Inc.*, 329 Ill. App. 3d 908, 920 (2002) (noting that citation proceedings are not available to a creditor until after a judgment capable of enforcement has been entered in the creditor's favor).

¶ 21      In so holding, we find that the trial court's interpretation renders meaningless division 2.1 of the Municipal Code. One of the purposes of the statute is to provide a home-rule municipality with an alternate method of prosecuting certain municipal ordinance violations. See 65 ILCS 5/1-2.1-3 (West 2012) (noting that the adoption by a municipality of a system of administrative adjudication does not preclude the municipality from using other methods to enforce municipal ordinances). The use of an administrative adjudication system reduces the caseload of the circuit court and presumably allows for a speedier resolution of ordinance violation cases and a reduction in litigation costs. However, without an enforcement mechanism, a municipality would have to commence another action in the circuit court, thereby vitiating the incentive to use an administrative adjudication system. The trial court also suggested that division 2.1 of the Municipal Code "can be read to grant enforcement authority to the administrative adjudication [hearing] officer themselves [*sic*]." We disagree. Section 1-2.1-4(b) of the Municipal Code (65 ILCS 5/1-2.1-4(b) (West 2012)) provides that the powers and duties of a hearing officer "shall include": (1) hearing testimony and accepting evidence; (2) issuing subpoenas; (3) preserving and authenticating the record of the hearing; (4) issuing a determination; and (5) imposing penalties. Notably absent from the plain language of the statute is any indication that the legislature intended to empower the hearing officer with enforcement authority. Indeed, by application of the maxim "*expressio unius est exclusio alterius*," meaning that the expression of one thing implies the exclusion of the other, we presume that the legislature did not intend a hearing officer to have any powers or duties beyond those expressed in the statute. See *Schultz v. Performance Lighting, Inc.*, 2013 IL App (2d) 120405, ¶ 16; *Meyer v. Buckman*, 7 Ill. App. 2d 385, 396 (1955).

¶ 22      In short, when division 2.1 of the Municipal Code is read in its entirety, it is clear that the legislature intended a home-rule municipality to enforce an order entered by its administrative adjudication hearing officer. Turning to the facts in the present case, the record establishes that on December 17, 2012, the trial court dismissed the Village's actions without prejudice and granted it 30 days to file "an amended petition/registration action to enforce" the administrative adjudication orders. Within the time frame provided by the court, the Village filed amended petitions to enforce the administrative adjudication orders entered on June 13, June 27, and July 11, 2012. It then filed petitions to enforce the administrative adjudication orders entered on July 25 and August 8, 2012. All five petitions were accompanied by exemplified copies of the relevant administrative adjudication orders. We

hold that the method attempted by the Village to seek enforcement in this case was appropriate under division 2.1 of the Municipal Code and that once the orders were properly enrolled the Village could commence collection proceedings "in accordance with applicable law." 65 ILCS 5/1-2.1-8(a) (West 2012).

Before concluding, we note that the Village asks us to address several other issues regarding whether it complied with the procedural prerequisites for seeking enforcement of the administrative adjudication orders at issue. For instance, the Village notes that a municipality may not seek enforcement of an administrative adjudication order until after the expiration of the period in which judicial review under the Illinois Administrative Review Law may be sought. See 65 ILCS 5/1-2.1-8(b) (West 2012). It asks us to determine whether the time for administrative review had expired. These issues are beyond the scope of this appeal, as the trial court's decision was premised solely on a determination that it did not have the authority to enforce an administrative adjudication order. Accordingly, we voice no opinion whether the Village complied with the procedural prerequisites for seeking enforcement.

### III. CONCLUSION

For the reasons set forth above, we reverse the judgment of the circuit court of McHenry County and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.