# Illinois Official Reports

## Supreme Court

---

### *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2015 IL 117443

---

| | |
|---|---|
| Caption in Supreme Court: | FERRIS, THOMPSON AND ZWEIG, LTD., Appellee, v. ANTHONY ESPOSITO, Appellant. |
| Docket No. | 117443 |
| Filed | January 23, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The Workers' Compensation Commission's authority over attorney fees did not extend to a common law action for breach of contract arising from defendant attorney's refusal to pay over to plaintiff law firm the percentage of Commission-approved fees which defendant had agreed to share pursuant to a referral agreement, and his motion to dismiss for lack of subject matter jurisdiction in the circuit court was properly denied. |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Lake County, the Hon. Michael Fusz, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Michael D. Furlong and Peter M. Trobe, of Trobe, Babowice & Associates LLC, of Waukegan, for appellant.

Saul M. Ferris, of Ferris, Thompson & Zweig, Ltd., of Gurnee, for appellee.

Lisa Madigan, Attorney General, of Springfield (Carolyn E. Shapiro, Solicitor General, and Stephen M. Soltanzadeh, Assistant Attorney General, of Chicago, of counsel), for *amicus curiae* Illinois Workers' Compensation Commission.

Justices

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.
Chief Justice Garman and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1      In this case, we consider whether the circuit court has subject matter jurisdiction to resolve a dispute based on a referral agreement apportioning attorney fees earned in a claim filed under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2012)). The circuit court of Lake County held it had subject matter jurisdiction to decide this case, and the appellate court affirmed the circuit court's judgment. 2014 IL App (2d) 130129. For the following reasons, we hold that the circuit court has subject matter jurisdiction to consider this attorney fee dispute.

¶ 2      I. BACKGROUND

¶ 3      Plaintiff, Ferris, Thompson & Zweig, Ltd., filed a complaint in the circuit court of Lake County alleging two counts of breach of contract. Plaintiff alleged that it and defendant, Anthony Esposito, "agreed to act as co-counsel in the legal representation of" two women with respect to their workers' compensation claims. Under the contracts, plaintiff was to receive 45% of the attorney fees recovered in the two cases and defendant would receive the remaining 55% of the fees. After the cases were settled, defendant refused to pay plaintiff its share of the attorney fees.

¶ 4      Plaintiff attached to its complaint a separate attorney-client agreement for each count. The agreements, signed by plaintiff, defendant, and the clients, stated that the clients had retained plaintiff and understood that plaintiff had "contracted with [defendant] to pursue this workers' compensation claim on [their] behalf." The clients understood and agreed that plaintiff would have certain responsibilities and would receive a portion of the attorney fees on the workers' compensation claims.

¶ 5      Under the agreements, plaintiff was required to: (1) assist defendant with initial interviews and document preparation for the claims; (2) assist defendant with "client contact and

- 2 -

communication" when necessary; (3) provide translation services when necessary; (4) represent the clients in "any related third party action"; and (5) keep a duplicate file in its office containing correspondence and filings associated with the claims. Defendant was required to: (1) prepare documents and obtain records necessary to process the claims; (2) represent the clients before the Commission, including conducting any investigation, negotiation, and processing necessary to resolve the claims; and (3) send status reports to plaintiff "every sixty days or as significant developments occur in connection with the handling of the claim."

¶ 6　　Plaintiff also attached to its complaint a letter it received from defendant in each case. In the letters, defendant confirmed that plaintiff was retained for legal representation in the two workers' compensation cases. Defendant stated the parties had agreed that the cases were "referred to [defendant's] office and [plaintiff] will also undertake representation" of the clients. Defendant also reiterated the responsibilities of each party and the division of attorney fees.

¶ 7　　Defendant filed a section 2-619 motion to dismiss the complaint, asserting that the circuit court lacked subject matter jurisdiction to consider plaintiff's claims. Defendant stated that under section 16a(J) of the Act (820 ILCS 305/16a(J) (West 2012)), "[a]ny and all disputes regarding attorney's fees," including disputes on division of fees when the claimant has been represented by more than one attorney and disputes on contracts for attorney fees, "shall be heard and determined by the Commission." Defendant contended the Commission must resolve plaintiff's claims because they involve a dispute about attorney fees in a workers' compensation case.

¶ 8　　The circuit court found plaintiff's complaint sought recovery based on a referral agreement and that the claims based on that agreement did not fall within section 16a of the Act. Accordingly, the circuit court denied defendant's motion to dismiss. The circuit court also denied defendant's motion for an interlocutory appeal. Following a trial, the circuit court entered judgment in favor of plaintiff in the amount of $4,965.25.

¶ 9　　The appellate court held that the Commission has authority under the Act to set the amount of attorney fees awarded in claims filed with the Commission and to hear disputes on the amount of those fees. The Commission's authority does not extend, however, to "issues concerning a breach of a referral agreement delineating the percentage of the awarded fee that should be allotted to the attorney who represented the claimant before the Commission and the attorney who referred the claimant to that attorney." 2014 IL App (2d) 130129, ¶ 17. The Commission's statutory authority is limited to hearing attorney fee disputes "concerning the amount of fees to be awarded to those who represent clients before the Commission." 2014 IL App (2d) 130129, ¶ 20. The appellate court concluded that the circuit court had subject matter jurisdiction to hear this dispute based on a referral agreement. Accordingly, the circuit court's judgment was affirmed. 2014 IL App (2d) 130129.

¶ 10　　We allowed defendant's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010). We also allowed the Illinois Workers' Compensation Commission to file an *amicus curiae* brief. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010).

¶ 11　　　　　　　　　　　　　II. ANALYSIS

¶ 12　　On appeal to this court, defendant contends that under the unambiguous language in section 16a(J) of the Act, any disputes concerning attorney fees or contracts for attorney fees

must be heard and decided by the Commission. Defendant contends that plaintiff did more than simply refer the cases. The parties' agreements required plaintiff to act as co-counsel in the workers' compensation cases. Defendant further argues that even if plaintiff only referred the cases to him, the Commission still had exclusive jurisdiction because referral is a service performed in securing the claimants' rights under the Act. Defendant concludes that under the plain language of the Act, all disputes on the division of attorney fees must be decided by the Commission. Accordingly, the circuit court did not have subject matter jurisdiction to consider the attorney fee dispute in this case.

¶ 13       Plaintiff responds that section 16a(J) does not apply to its common law claims for breach of the referral agreements. Plaintiff argues that it did not perform any services on the workers' compensation claims, but only referred the clients to defendant for representation on those claims. The agreements provided that defendant would represent the clients before the Commission, and defendant filed and presented those claims. Plaintiff concludes that the circuit court had subject matter jurisdiction to decide this dispute based on the breach of the referral agreements.

¶ 14       In this appeal, we must determine whether the circuit court erred in denying defendant's motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2012)). A section 2-619 motion to dismiss admits the legal sufficiency of the plaintiff's complaint but asserts a defense defeating the claim. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. Defendant asserts that the trial court lacked subject matter jurisdiction to consider the breach of contract claims presented in plaintiff's complaint. See 735 ILCS 5/2-619(a)(1) (West 2012). The trial court's decision on a section 2-619 motion to dismiss is reviewed *de novo*. *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 12 (2005).

¶ 15       Subject matter jurisdiction refers to a court's power to hear and decide cases of a general class. *In re Luis R.*, 239 Ill. 2d 295, 300 (2010). With the exception of the power granted by statute to review administrative action, a circuit court's subject matter jurisdiction is conferred entirely by the Illinois Constitution. Ill. Const. 1970, art. VI, § 9; *In re M.W.*, 232 Ill. 2d 408, 424 (2009). Under the Illinois Constitution of 1970, circuit courts have original jurisdiction of all justiciable matters except when this court has exclusive and original jurisdiction relating to redistricting of the General Assembly and the Governor's ability to serve or resume office. Ill. Const. 1970, art. VI, § 9; *Crossroads Ford Truck Sales, Inc. v. Sterling Truck Corp.*, 2011 IL 111611, ¶ 27. Accordingly, except in the context of administrative review, a circuit court has subject matter jurisdiction as a matter of law of all justiciable matters brought before it. *In re Luis R.*, 239 Ill. 2d at 301. The legislature may divest circuit courts of their original jurisdiction by enacting a comprehensive administrative scheme, but it must do so explicitly. *Crossroads Ford Truck Sales, Inc.*, 2011 IL 111611, ¶ 27.

¶ 16       An administrative agency has no general or common law powers. *Alvarado v. Industrial Comm'n*, 216 Ill. 2d 547, 553 (2005). An administrative agency's powers are limited to those granted by the legislature and any action taken by an agency must be authorized specifically by statute. *Alvarado*, 216 Ill. 2d at 553. When an agency acts outside its specific statutory authority, it is said to have acted without "jurisdiction." *Alvarado*, 216 Ill. 2d at 553-54.

¶ 17       Accordingly, we must construe the Act to determine whether the legislature intended to divest the circuit court of jurisdiction and confer original jurisdiction on the Commission to

hear the dispute in this case. The best indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. *Rogers v. Imeri*, 2013 IL 115860, ¶ 13. A court will not read statutory language in isolation but must consider it in the context of the statute as a whole. *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 14.

¶ 18    The relevant statutory provisions are found in sections 16 and 16a of the Act. Defendant relies heavily on section 16a(J) for his contention that the Commission has exclusive jurisdiction of plaintiff's claims. Section 16a(J) provides:

"(J) Any and all disputes regarding attorneys' fees, whether such disputes relate to which one or more attorneys represents the claimant or claimants or is entitled to the attorneys' fees, or a division of attorneys' fees where the claimant or claimants are or have been represented by more than one attorney, or any other disputes concerning attorneys' fees or contracts for attorneys' fees, shall be heard and determined by the Commission after reasonable notice to all interested parties and attorneys." 820 ILCS 305/16a(J) (West 2012).

¶ 19    While section 16a(J) contains expansive language governing attorney fee disputes in the Commission, that language cannot be read in isolation. Section 16a(J) must be construed in the context of sections 16 and 16a as a whole. Section 16 outlines the Commission's general authority to set fees for services provided under the Act, stating:

"The Commission shall have the power to determine the reasonableness and fix the amount of any fee of compensation charged by any person, including attorneys, physicians, surgeons and hospitals, for any service performed in connection with this Act, or for which payment is to be made under this Act or rendered in securing any right under this Act." 820 ILCS 305/16 (West 2012).

¶ 20    Section 16a gives specific guidance on the Commission's authority to set attorney fees. The first subsection of section 16a states:

"In the establishment or approval of attorney's fees in relation to claims brought under this Act, the Commission shall be guided by the provisions of this Section and by the legislative intent, hereby declared, to encourage settlement and prompt administrative handling of such claims and thereby reduce expenses to claimants for compensation under this Act." 820 ILCS 305/16a(A) (West 2012).

¶ 21    In section 16a(A), therefore, the legislature plainly states its intent is to encourage prompt handling of claims to "reduce expenses to claimants for compensation under this Act." 820 ILCS 305/16a(A) (West 2012). We have previously held that the purpose of the Act is to compensate claimants as promptly and thoroughly as possible. *Alvarado*, 216 Ill. 2d at 560 (quoting 820 ILCS 305/16a(A) (West 2002)); *Board of Education of the City of Chicago v. Industrial Comm'n*, 93 Ill. 2d 1, 14 (1982). The remaining provisions of section 16a guide the Commission in establishing or approving attorney fees to accomplish that purpose.

¶ 22    The provisions following section 16a(A) set forth specific rules for establishing or approving attorney fees for claims brought under the Act. Section 16a(B) states claims by attorneys "for services rendered in connection with the securing of compensation" generally may not exceed 20% of the amount recovered. 820 ILCS 305/16a(B) (West 2012). Section 16a(C) provides:

"(C) All attorneys' fees in connection with the initial or original claim for compensation shall be fixed pursuant to a written contract on forms prescribed by the

Commission between the attorney and the employee or his dependents, and every attorney, whether the disposition of the original claim is by agreement, settlement, award, judgment or otherwise, shall file his contract with the Chairman of the Commission who shall approve the contract only if it is in accordance with all provisions of this Section." 820 ILCS 305/16a(C) (West 2012).

¶ 23 Sections 16a(D), 16a(E), 16a(F), and 16a(G) set forth specific limitations on attorney fees that may be charged for certain types of compensation recovered. 820 ILCS 305/16a(D)-(G) (West 2012). Section 16a(H) states no attorney fees shall be paid when the amount of compensation does not exceed the written offer made to the claimant prior to representation by an attorney. 820 ILCS 305/16a(H) (West 2012). Section 16a(I) mandates that "[a]ll attorneys' fees for representation of an employee or his dependents shall be only recoverable from compensation actually paid to such employee or dependents." 820 ILCS 305/16a(I) (West 2012). A review of section 16a, therefore, shows it is directed exclusively at fees awarded to attorneys representing claimants before the Commission.

¶ 24 Section 16a(J), when viewed in the context of section 16a as a whole, sets forth the Commission's authority to hear and decide disputes on fees for attorneys representing claimants before the Commission, including division of those fees when more than one attorney represents a claimant before the Commission. Based on the expressed legislative intent and the specific provisions in sections 16 and 16a, we determine that the Commission's authority to resolve disputes on attorney fees is limited to the amount and apportionment of fees charged by attorneys representing claimants before the Commission.

¶ 25 In this case, plaintiff alleged the parties "agreed to act as co-counsel" on the workers' compensation claims. The attorney-client agreements attached to the complaint, however, indicate that plaintiff "contracted with [defendant] to pursue" the workers' compensation claims. Under the agreements, plaintiff's responsibilities were generally limited to assisting defendant with initial interviews and document preparation and assisting defendant with client contact when necessary.

¶ 26 Defendant was required to "[r]epresent the client[s] before the Industrial Commission." Defendant's responsibilities included preparing the documents and obtaining the records necessary to process the claims before the Commission. Defendant was also required to conduct any investigation, negotiation, and processing necessary to resolve the claims and to notify plaintiff periodically on "the handling of the claim[s]."

¶ 27 Plaintiff did not file the claims or represent the claimants before the Commission. The duties involved in pursuing the claims before the Commission were specifically assigned to defendant. Plaintiff's minimal role in pursuing the workers' compensation claims is evidenced by the requirement that defendant notify plaintiff periodically about the "handling of the claim[s]." We agree with the circuit and appellate courts that plaintiff's action is for breach of the referral agreements.

¶ 28 Defendant contends that even if plaintiff only referred the cases to him, the Commission still had exclusive jurisdiction of this attorney fee dispute. Defendant argues that the legislature intended for the Commission to hear all disputes on the division of attorney fees. Defendant relies on section 16b of the Act, stating in pertinent part:

> "(a) An attorney appearing before the Commission shall not provide compensation or any gift to any person in exchange for the referral of a client involving a matter to be

heard before the Commission except for a division of a fee between lawyers who are not in the same firm in accordance with Rule 1.5 of the Code of Professional Responsibility." 820 ILCS 305/16b(a) (West 2012).

¶ 29    Section 16b only restricts gifts or compensation for the referral of workers' compensation clients. While section 16b allows referral agreements under Rule 1.5 of the Code of Professional Responsibility, it does not grant the Commission authority to hear a dispute between attorneys based solely on a referral agreement. The dispute in this case does not require any determination on the amount of fees charged for representing the claimants before the Commission or an apportionment of those fees between attorneys who represented the claimants before the Commission.

¶ 30    Defendant also contends the appellate court's holding that the Commission lacks jurisdiction in this case is inconsistent with our decision in *Alvarado*, 216 Ill. 2d 547. Defendant asserts that in *Alvarado*, this court held the Commission has broad and continuing jurisdiction of fee disputes between attorneys in workers' compensation cases when the dispute is collateral to the claimant's final award. Defendant contends plaintiff's attorney fee claim in this case is collateral to the final award because it involves fees already approved by the Commission.

¶ 31    In *Alvarado*, the claimant's attorney filed an application for adjustment of the workers' compensation claim. After the matter was assigned to an arbitrator, the claimant entered into an attorney-client agreement with another attorney. The claimant eventually filed a substitution of attorneys with the Industrial Commission clarifying that he was only represented by the subsequently retained attorney. Several years later, the parties settled the workers' compensation claim. The settlement agreement provided for attorney fees of $19,413.33. The arbitrator approved the settlement, but the claimant's former attorney was not given notice. *Alvarado*, 216 Ill. 2d at 549-50.

¶ 32    After learning of the settlement, the claimant's former attorney filed a motion for fees under sections 16 and 16a of the Act (820 ILCS 305/16, 16a (West 2002)). The motion was filed five months after the settlement was approved. The claimant objected to the Commission's jurisdiction to consider the motion for fees. The Commission rejected that challenge and ordered the claimant's attorney to pay his former attorney the amount of $1,350 under section 16a of the Act. *Alvarado*, 216 Ill. 2d at 550-51. On judicial review, the circuit court confirmed the Commission's decision. *Alvarado*, 216 Ill. 2d at 551. The appellate court reversed the circuit court's judgment and vacated the award of attorney fees. *Alvarado*, 216 Ill. 2d at 552.

¶ 33    On appeal to this court, the issue was whether the Commission had authority to apportion attorney fees several months after the settlement was approved and the award had become final. *Alvarado*, 216 Ill. 2d at 553. This court held that although the Commission did not have jurisdiction to reopen the final award, the fee petition did not require the Commission to reconsider that award. *Alvarado*, 216 Ill. 2d at 558. The Commission did not reopen or modify the settlement award between the claimant and his employer to order those parties to pay additional attorney fees. *Alvarado*, 216 Ill. 2d at 558-59. Rather, under section 16a, the Commission ordered the claimant's attorney to pay his former attorney $1,350 from the attorney fees already awarded in the settlement. *Alvarado*, 216 Ill. 2d at 559.

¶ 34     This court held that the motion for attorney fees was a collateral matter, distinct from the settlement between the claimant and his employer. The Commission, therefore, acted within its jurisdiction under sections 16 and 16a of the Act in ordering the claimant's attorney to pay fees to his former attorney. *Alvarado*, 216 Ill. 2d at 559. We summarized our holding by stating that even when a settlement or award has become final, the Commission has jurisdiction to resolve fee disputes under sections 16 and 16a of the Act as long as the dispute is collateral to the final award in the workers' compensation claim. *Alvarado*, 216 Ill. 2d at 559.

¶ 35     We further noted our holding was consistent with the overriding purpose of the Act to compensate claimants as promptly and thoroughly as possible for work-related injuries. *Alvarado*, 216 Ill. 2d at 560 (quoting 820 ILCS 305/16a(A) (West 2002)); *Board of Education of the City of Chicago v. Industrial Comm'n*, 93 Ill. 2d 1, 14 (1982). The Commission's consideration of the collateral attorney fee dispute did not delay the settlement of the claim or interfere with the finality of the settlement agreement. *Alvarado*, 216 Ill. 2d at 560.

¶ 36     In *Alvarado*, we considered the Commission's jurisdiction to apportion fees between attorneys who both represented the claimant before the Commission. The dispute in *Alvarado* fell squarely within the Commission's jurisdiction because it involved dividing attorney fees when the claimant had been represented by more than one attorney before the Commission. See 820 ILCS 305/16a(J) (West 2012).

¶ 37     In contrast, the dispute in this case is based entirely on a referral agreement. Plaintiff referred the claimants to defendant, who represented them before the Commission. Unlike *Alvarado*, this case does not involve the Commission's jurisdiction to apportion fees between attorneys who both represented a claimant before the Commission.

¶ 38     Plaintiff's claims do not involve any question of establishing, approving, or apportioning fees for services it performed under the Act. The Commission already approved the attorney fees awarded to defendant for representing the claimants before the Commission. The dispute here only involves the agreement that plaintiff is entitled to a specified percentage of the fees for referring the cases to defendant. Plaintiff's complaint does not fall within the Commission's authority to resolve disputes on the amount or apportionment of fees charged by attorneys for representing claimants before the Commission.

¶ 39     In sum, we conclude that the Act does not provide the Commission with authority to hear and determine this dispute based on the referral agreements between plaintiff and defendant. The legislature did not explicitly divest the circuit courts of jurisdiction to consider the claims in plaintiff's complaint by enacting a comprehensive administrative scheme. Accordingly, the circuit court did not err in denying defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction.

¶ 40                                    III. CONCLUSION

¶ 41     For the foregoing reasons, the judgments of the circuit court and the appellate court are affirmed.

¶ 42     Affirmed.