# Illinois Official Reports

## Appellate Court

---

### *Pearson v. Pearson*, 2020 IL App (1st) 190717

---

| | |
|---|---|
| Appellate Court Caption | CAMERON R. PEARSON, as Trustee of the Cameron R. Pearson Trust, Dated July 1, 1997, Plaintiff-Appellant, v. MERRY ANN PEARSON, Individually and as Signator Over the Assets of Pearson Investments Limited Partnership; JULIA M. PEARSON, as Trustee of the Julia M. Pearson Trust, Dated July 1, 1997; JULIA M. PEARSON CHILD'S TRUST; PEARSON INVESTMENTS LIMITED PARTNERSHIP; CAMERON GENERAL CORPORATION; and DEVON BANK, as Trustee of Cameron R. Pearson Child's Trust Defendants (Devon Bank and Merry Ann Pearson, Defendants-Appellees). |
| District & No. | First District, Fourth Division<br>No. 1-19-0717 |
| Filed | March 5, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2016-CH-9622; the Hon. Raymond W. Mitchell, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part. |
| Counsel on Appeal | Robert S. Held, of Harrison & Held, LLP, of Chicago, for appellant.<br><br>Mark E. Broaddus and Adam K. Beattie, of Chuhak & Tecson, P.C., of Chicago, for appellee Devon Bank. |

Panel      PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices Reyes and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1  The instant appeal involves one question: Does an Illinois court have subject-matter jurisdiction over a request for an accounting seeking information about a Delaware limited partnership and Delaware corporation? Plaintiff Cameron R. Pearson is the trustee of a trust that is a general and limited partner in a Delaware limited partnership, Pearson Investments Limited Partnership (Pearson Investments). Defendant Devon Bank is the trustee of two trusts (under one of which plaintiff is a beneficiary) that combined own a controlling interest in Pearson Investments. Pearson Investments, in turn, owns a 40% share of another Delaware corporation, Cameron General Corporation (Cameron General). Plaintiff sought an accounting from defendant Devon Bank for both Pearson Investments and Cameron General, which defendant allegedly refused to provide, and plaintiff filed suit in the circuit court of Cook County. Defendant filed a motion to dismiss for lack of subject-matter jurisdiction, which was granted. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court.

¶ 2             BACKGROUND

¶ 3  The case at issue on appeal is one of three cases, all filed in July 2016 by plaintiff. On July 6, 2016, plaintiff filed a verified complaint in chancery under case No. 2016-CH-8907 against defendant Devon Bank. On the same day, he filed a verified complaint in case No. 2016-CH-8908 against Merry Ann Pearson, individually and as trustee of the Fred Pearson Revocable Trust and as general partner of Pearson Investments. Finally, on July 21, 2016, plaintiff, in his capacity as trustee of the Cameron R. Pearson Trust, dated July 1, 1997, filed a verified petition for dissolution of Pearson Investments in case No. 2016-CH-9622, naming as defendants Merry Ann Pearson, individually and as managing general partner of Pearson Investments; Julia M. Pearson, as trustee of the Julia M. Pearson Trust, dated July 1, 1997; and Pearson Investments. On March 22, 2017, the three cases were consolidated.

¶ 4  The only case at issue on appeal is case No. 2016-CH-9622,[1] and the operative pleading is plaintiff's verified second amended petition for dissolution, filed on September 21, 2018. As this appeal arises on a motion to dismiss, we take our facts from the allegations contained in the petition.

---

[1]The trial court granted summary judgment in Merry Ann's favor in case No. 2016-CH-8908 on February 2, 2018. The trial court also granted defendant's motion to dismiss in case No. 2016-CH-8907 on April 5, 2018, and granted judgment on the pleadings with respect to the allegations against Merry Ann in case No. 2016-CH-9622 on the same date. We dismissed the instant appeal with respect to any claims against Merry Ann on July 12, 2019, and plaintiff states in his reply brief that he is appealing only case No. 2016-CH-9622 against defendant and is not appealing the dismissal of case No. 2016-CH-8907. We therefore have no need to consider defendant's motion to dismiss the appeal with respect to case No. 2016-CH-8907, which we previously ordered be taken with the case.

¶ 5 According to the petition, plaintiff is the child of Fred Pearson, who died on September 16, 2015. Merry Ann Pearson is plaintiff's stepmother, and Julia Pearson is plaintiff's stepsister. In 1997, Fred established two trusts for the benefit of plaintiff and Julia: the Cameron R. Pearson Trust (Cameron trust) and the Julia M. Pearson Trust (Julia trust), respectively. Each child was named as the trustee of their trust.

¶ 6 In 1998, Fred created Pearson Investments, a limited partnership that was to be governed by the laws of the state of Delaware. The initial general partners of Pearson Investments were Fred, Merry Ann, the Cameron trust, and the Julia trust, and Fred was designated the managing general partner in 2002. Under Pearson Investments' operating agreement, the purpose of the limited partnership was to serve as a holding company for real estate and securities. One of the assets held by Pearson Investments was an approximately 40% interest in Cameron General, a corporation founded under Delaware law to conduct insurance business. The petition alleges that in its federal tax return for 2014, Cameron General reported having nearly $11 million in assets but reported that it had no income from operations and only $17,054 in income from interest and dividends. According to the petition, Cameron General was dissolved in 2017 during the pendency of the instant litigation.

¶ 7 In 2006, Fred established two additional trusts for the benefit of plaintiff individually and Julia: the Cameron R. Pearson Child's Trust (Cameron child's trust) and the Julia M. Pearson Child's Trust (Julia child's trust). At the time that the trusts were established, the trustee for both trusts was attorney Joel M. Friedman. However, a 2011 amendment to the trusts gave Merry Ann the power to remove and replace the trustee of the trusts upon Fred's death. In 2016, Merry Ann removed Friedman as trustee and appointed defendant Devon Bank as the successor trustee of both trusts.

¶ 8 At the same time that he created Pearson Investments in 1998, Fred had also established the Pearson Family Irrevocable Limited Investments Trust (Investments Trust). In 2007, in exchange for a 24.5% interest in Pearson Investments, the Investments Trust transferred to Pearson Investments all right, title, and interest in three life insurance policies issued on the life of Fred, which had a face value of approximately $2.2 million payable upon Fred's death. Also in 2007, Fred and Merry Ann sold all of their general and limited partnership interests in Pearson Investments to the Cameron child's trust and the Julia child's trust. However, despite no longer having any interest in Pearson Investments, either Merry Ann or Fred liquidated an insurance policy owned by Pearson Investments for approximately $1 million; the petition alleges that it is unclear how these funds were used.

¶ 9 The petition alleges that as of 2016,[2] the general partners of Pearson Investments are the Cameron trust (25.0%), the Julia trust (12.5%), the Cameron child's trust (36.25%), and the Julia child's trust (26.25%). The limited partners of Pearson Investments are the Cameron trust (2.255%), the Julia trust (6.875%), the Cameron child's trust (63.1375%), and the Julia child's trust (26.7375%).

---

[2]The verified second amended petition for dissolution does not explain what happened to the 24.5% interest held by the Investments Trust. However, the originally filed complaint in case No. 2016-CH-8907 alleged that this interest was later transferred to the Cameron child's trust and the Julia child's trust. There is no dispute that the four trusts hold all of the general and limited partnership interests in Pearson Investments.

¶ 10    The petition sets forth two counts. Count I is for dissolution of Pearson Investments and is not at issue on appeal.[3] Count II is for an accounting and seeks an accounting of the assets and liabilities of both Pearson Investments and Cameron General. Plaintiff alleges that, as trustee of both the Cameron child's trust and the Julia child's trust, defendant controls the business, assets, and finances of Pearson Investments. Plaintiff further alleges that, "as a General and Limited Partner of Pearson Investments," he is entitled to a detailed accounting showing the assets and liabilities of Pearson Investments from defendant, including the location of the $1 million from the life insurance policy liquidated in 2007. Additionally, plaintiff alleges that he has never been provided with financial information for Cameron General despite the fact that defendant controls Pearson Investments, which in turn owned over 40% of Cameron General. Plaintiff admitted that he had received an account statement from Cameron General showing an account balance of approximately $7.5 million but alleged that this did not fully account for the over $10 million in assets shown on the tax return. Plaintiff also alleged that the cash distribution to Pearson Investments upon Cameron General's dissolution was approximately $3.1 million.

¶ 11    Attached to the petition were copies of the Cameron trust and Cameron child's trust agreements, including the 2011 amendment to the Cameron child's trust, which gave Merry Ann the power to remove Friedman as trustee and to appoint a successor trustee, as well as documents evidencing the removal of Friedman as trustee of the Cameron child's trust, the appointment of defendant Devon Bank as successor trustee, and defendant Devon Bank's acceptance of the appointment. Also attached to the petition was the Pearson Investments limited partnership agreement, which provided that "[t]his Agreement shall be construed and the validity and effect of the provisions hereof shall be determined under the laws of Delaware, except as otherwise specifically provided herein." Also attached to the petition was Merry Ann's answer to the previous version of the petition, in which she admitted that one of the insurance policies transferred to Pearson Investments "was surrendered effective December 12, 2007 for $1,046,003.72." Finally, attached to the petition was Cameron General's 2014 federal tax return, which showed total assets of $10,858,673.

¶ 12    On January 14, 2019, defendant Devon Bank filed a combined motion to dismiss the verified second amended petition pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)). Defendant sought dismissal of the entire petition pursuant to section 2-619(a)(1) of the Code (735 ILCS 5/2-619(a)(1) (West 2018)), claiming that the trial court lacked subject-matter jurisdiction over the petition because Delaware law required that the causes of action set forth in the petition be filed in the court of chancery in Delaware. Additionally, defendant alternatively sought dismissal under section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)), claiming that plaintiff had failed to identify any authority by which he was entitled to the accountings he sought.

¶ 13    In response to the motion to dismiss, plaintiff argued that the trial court had jurisdiction because he was not seeking dissolution of Pearson Investments directly but was seeking a court order that defendant seek such a dissolution. Plaintiff claimed that, as the beneficiary of a trust

_____

[3]Plaintiff makes a passing reference to count I in his brief, claiming that "the trial court clearly had the authority to rule upon at least the request for information, *if not also the request for dissolution*." (Emphasis added.) However, his arguments on appeal are directed only at count II, concerning an accounting, so we consider only that count on appeal.

for which defendant was trustee (the Cameron child's trust), he was simply seeking an order regarding the administration of that trust. In his response, plaintiff also stated that "Plaintiff is not a partner in Pearson Investments" and suggested that he would not have standing to seek a dissolution in a Delaware court because "[o]nly a partner may seek such relief under the Delaware Code." Similarly, with respect to the request for an accounting, plaintiff claimed that he was seeking the accounting in his capacity as the beneficiary of a trust for which defendant was trustee.

¶ 14　　In its reply to the motion to dismiss, defendant pointed to the fact that plaintiff had filed the petition in his capacity as trustee of the Cameron trust, not in his individual capacity, and suggested that plaintiff was misrepresenting his claim. Defendant also suggested that the allegations of the petition should control over the contradictory claims in the response to the motion to dismiss. Defendant further reiterated its arguments that there was no subject-matter jurisdiction over the claims in the petition.

¶ 15　　On March 7, 2019, the trial court entered an order granting defendant's motion to dismiss due to a lack of subject-matter jurisdiction. The court noted that plaintiff's claims that he was not a partner in Pearson Investments were contradicted by the allegations of his petition, which the court found must be taken as true for purposes of considering the motion to dismiss. The court first found that it lacked subject-matter jurisdiction over count I of the petition because Delaware law vested its Court of Chancery with exclusive jurisdiction over the dissolution of limited partnerships. The court also found unpersuasive plaintiff's claim that it could order defendant to pursue dissolution, noting that "Illinois courts historically refrained from adjudicating the internal affairs of foreign business entities, particularly in actions seeking dissolution."

¶ 16　　With respect to count II, the trial court again specifically noted that "Plaintiff brings this action as trustee of the Cameron R. Pearson Trust, not as a beneficiary owed a fiduciary duty by [defendant]." The court also noted that plaintiff had previously filed suit against defendant in his capacity as a beneficiary in case No. 2016-CH-8907, which had been dismissed with prejudice. The court found that Delaware law provided that any action by a partner to enforce its rights to review partnership records must be brought in its court of chancery and that the Delaware court had the exclusive jurisdiction to determine whether an individual is entitled to inspect corporate records. Accordingly, the trial court found that it lacked subject-matter jurisdiction over either count and granted defendant's motion to dismiss the petition. This appeal follows.

¶ 17　　　　　　　　　　　　　　　　ANALYSIS

¶ 18　　As noted, plaintiff has presented only one limited issue on appeal: was count II of case No. 2016-CH-09622 properly dismissed? Plaintiff has made clear that he is not appealing the dismissal of either of the other two consolidated cases and has not made any arguments on appeal concerning the propriety of the dismissal as to count I of the petition. Accordingly, we focus solely on the limited issue before us.

¶ 19　　　　　　　　　　　　　　　　I. Section 2-619

¶ 20　　In the case at bar, defendant filed a combined motion to dismiss pursuant to section 2-619.1 of the Code, which permits a party to file a motion to dismiss based on both section 2-615 and section 2-619 of the Code. 735 ILCS 5/2-619.1 (West 2018). However, the trial court's

- 5 -

dismissal was based only on section 2-619 of the Code. A motion to dismiss under section 2-619 admits the legal sufficiency of all well-pleaded facts but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 83 (citing *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006)). When reviewing a motion to dismiss under section 2-619, "a court must accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that can reasonably be drawn in plaintiffs' favor." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). Additionally, a cause of action should not be dismissed under section 2-619 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 277-78 (2003). For a section 2-619 dismissal, our standard of review is *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006); *Morr-Fitz, Inc.*, 231 Ill. 2d at 488. *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011). Additionally, even if the trial court dismissed on an improper ground, a reviewing court may affirm the dismissal if the record supports a proper ground for dismissal. See *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004) (when reviewing a section 2-619 dismissal, we can affirm "on any basis present in the record"); *In re Marriage of Gary*, 384 Ill. App. 3d 979, 987 (2008) ("we may affirm on any basis supported by the record, regardless of whether the trial court based its decision on the proper ground").

¶ 21     Defendant's motion in the instant case was based on section 2-619(a)(1), which seeks dismissal on the grounds "[t]hat the court does not have jurisdiction of the subject matter of the action, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction." 735 ILCS 5/2-619(a)(1) (West 2018). Subject-matter jurisdiction refers to a court's power to hear and decide cases of a general class. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2015 IL 117443, ¶ 15. With the exception of administrative review actions and certain cases for which the supreme court has exclusive jurisdiction, circuit courts have original jurisdiction of all justiciable matters pursuant to the Illinois Constitution. *Ferris, Thompson & Zweig*, 2015 IL 117443, ¶ 15. However, defendant claims that the trial court lacked subject-matter jurisdiction over plaintiff's petition because Delaware law provides that Delaware courts have exclusive jurisdiction over the claims at issue. We do not find this argument persuasive.

¶ 22     Defendant relies on section 17-305 of the Delaware Revised Uniform Limited Partnership Act[4] (Limited Partnership Act) (Del. Code Ann. tit. 6, § 17-305(e) (West 2018)), which concerns access to information and provides that "[a]ny action to enforce any right arising under this section shall be brought in the Court of Chancery. *** The Court of Chancery is hereby vested with exclusive jurisdiction to determine whether or not the person seeking such information is entitled to the information sought." The trial court also relied on this section in finding that it lacked subject-matter jurisdiction to consider plaintiff's claim for an accounting. Defendant is correct that the express language of section 17-305 grants Delaware courts exclusive jurisdiction over claims arising under that section. However, as plaintiff notes, section 17-305 is concerned with the rights of *limited* partners; section 17-305(a) expressly

_____

[4]Defendant also cites to section 17-802 of the Limited Partnership Act (Del. Code Ann. tit. 6, § 17-802 (West 2018)), but that section concerns dissolution, which we have explained is not at issue on appeal.

provides that "[e]ach *limited partner*, in person or by attorney or other agent, has the right" to obtain certain documents from the general partners. (Emphasis added.) Del. Code Ann. tit. 6, § 17-305(a) (West 2018). In the case at bar, while plaintiff has alleged that he is a limited partner of Pearson Investments, he has additionally alleged that he is also a *general* partner of the limited partnership. Consequently, while plaintiff would be required to file suit in the Delaware court in his capacity as a limited partner, section 17-305 does not impose such a restriction on a general partner. Thus, the trial court should not have dismissed count II in its entirety based on section 17-305.

¶ 23    We note that defendant suggests that we should not consider plaintiff's arguments drawing a distinction between the rights of a limited partner and the rights of a general partner, claiming that these arguments are raised for the first time on appeal. As defendant points out, plaintiff did not raise any arguments concerning the applicability of the Limited Partnership Act to a general partner in his response to the motion to dismiss and, in fact, argued that he was not a partner in Pearson Investments at all but was only filing suit in his capacity as a beneficiary under the Cameron child's trust. However, we cannot find that plaintiff's response to the motion to dismiss resulted in the forfeiture of his arguments on appeal. In its reply in support of the motion to dismiss in the trial court, defendant pointed out the contradictions between plaintiff's factual claims in his response and the allegations contained in the petition. The trial court in ruling on the motion also expressly found that plaintiff had alleged that he was bringing the instant action in his capacity as trustee of the Cameron trust, not as beneficiary of the Cameron child's trust. As noted, when reviewing a motion to dismiss under section 2-619, "a court must accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that can reasonably be drawn in plaintiffs' favor." *Morr-Fitz, Inc.*, 231 Ill. 2d at 488. Thus, the trial court properly disregarded the factual claims made in the response that contradicted the well-pleaded allegations in the petition and considered only those allegations contained in the petition. Moreover, plaintiff's petition is replete with allegations that the Cameron trust was both a limited and a general partner in Pearson Investments. Indeed, count II of the petition specifically alleged that plaintiff was entitled to an accounting "as a General and Limited Partner of Pearson Investments." Accordingly, while plaintiff's response had a different focus, plaintiff's position as a general partner was squarely before the trial court at the time that it ruled on the motion to dismiss, and thus, we cannot find that plaintiff has forfeited his arguments concerning his rights as a general partner.

¶ 24    However, our conclusion that section 17-305 of the Limited Partnership Act does not apply to a general partner does not end our inquiry as to the propriety of the trial court's dismissal. As noted, even if the trial court dismissed on an improper ground, a reviewing court may affirm the dismissal if the record supports a proper ground for dismissal. See *Raintree Homes, Inc.*, 209 Ill. 2d at 261; *In re Marriage of Gary*, 384 Ill. App. 3d at 987. While neither party discusses it, the Limited Partnership Act contains provisions concerning the rights of general partners, as well. If the provision concerning general partners also vests exclusive jurisdiction on the Delaware courts, then we must find that the trial court properly dismissed plaintiff's petition.

¶ 25    Section 17-403 of the Limited Partnership Act concerns the general powers and liabilities of general partners and provides, in relevant part:

> "Except as provided in this chapter or in the partnership agreement, a general partner of a limited partnership has the rights and powers and is subject to the restrictions of a partner in a partnership that is governed by the Delaware Uniform Partnership Law in

- 7 -

effect on July 11, 1999 (6 Del. C. § 1501 *et seq.*).” Del. Code Ann. tit. 6, § 17-403(a) (West 2018).

Thus, in order to determine plaintiff's rights as a general partner under the Limited Partnership Act, we must look to the relevant provisions of the Delaware Uniform Partnership Law (Uniform Partnership Law) that was in effect on July 11, 1999.[5]

¶ 26        Section 1522 of the Uniform Partnership Law concerns accountings and provides:

“Any partner shall have the right to a formal account as to partnership affairs:

(1) If the partner is wrongfully excluded from the partnership business or possession of its property by the copartners;

(2) If the right exists under the terms of any agreement;

(3) As provided by § 1521 of this title;

(4) Whenever other circumstances render it just and reasonable.” Del. Code Ann. tit. 6, § 1522 (West 1999).

This section does not include any language imposing exclusive jurisdiction on Delaware courts for actions for the enforcement of the right to an accounting nor does such a limitation appear elsewhere in the Uniform Partnership Law.[6] Consequently, we cannot find that the trial court was deprived of jurisdiction to consider plaintiff's request for an accounting in his capacity as a general partner of Pearson Investments and therefore should not have granted defendant's motion to dismiss on this basis.

¶ 27        This same analysis does not apply with respect to plaintiff's request for an accounting for Cameron General, however, despite plaintiff's claim that the two requests are analogous. Plaintiff has alleged that Cameron General is a corporation, not a limited partnership. Accordingly, as the trial court recognized, the applicable law would be the General Corporation Law of the State of Delaware (Corporation Law) (Del. Code Ann. tit. 8, § 101 *et seq.* (West 2018)). Section 220 of the Corporation Law governs inspection of books and records and provides for a stockholder's right to inspect the corporation's books and records. Del. Code Ann. tit. 8, § 220 (West 2018). However, section 220(c) provides that if the corporation refuses to permit an inspection of its books and records, “the stockholder may apply to the Court of Chancery for an order to compel such inspection.” Del. Code Ann. tit. 8, § 220(c) (West 2018). Section 220(c) further provides that “[t]he Court of Chancery is hereby vested with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought.” Del. Code Ann. tit. 8, § 220(c) (West 2018). Accordingly, under the express terms of the Corporation Law, if plaintiff wishes to inspect the books and records of Cameron General, such a request must be made before the Court of Chancery in Delaware and not before an Illinois court. The trial court's dismissal of the request for an accounting from

---

[5]Delaware repealed the Uniform Partnership Law and replaced it with the Delaware Revised Uniform Partnership Act, which became effective on January 1, 2000. See Del. Code Ann. tit. 6, §§ 15-1204, 15-1205 (West 2018).

[6]We note that the Revised Uniform Partnership Act does contain such language, identical to the language of section 17-305(e) of the Limited Partnership Act quoted above. See Del. Code Ann. tit. 6, § 15-403(e) (West 2018). However, as noted, the Limited Partnership Act expressly applies the Uniform Partnership Law, not the Revised Uniform Partnership Act, to limited partnerships.

Cameron General is therefore affirmed.

¶ 28                                    II. Section 2-615

¶ 29        Even though we have determined that the trial court erred in granting defendant's motion to dismiss under section 2-619(a)(1) with respect to plaintiff's request for an accounting from Pearson Investments, we may still affirm the dismissal if we find that the trial court should have granted the motion to dismiss under section 2-615 of the Code. See *Raintree Homes, Inc.*, 209 Ill. 2d at 261; *In re Marriage of Gary*, 384 Ill. App. 3d at 987. A motion to dismiss under section 2-615 of the Code challenges the legal sufficiency of the complaint by alleging defects on its face. *Young v. Bryco Arms*, 213 Ill. 2d 433, 440 (2004); *Wakulich v. Mraz*, 203 Ill. 2d 223, 228 (2003). The critical inquiry is whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Wakulich*, 203 Ill. 2d at 228. In making this determination, all well-pleaded facts in the complaint and all reasonable inferences that may be drawn from those facts are taken as true. *Young*, 213 Ill. 2d at 441. In addition, we construe the allegations in the complaint in the light most favorable to the plaintiff. *Young*, 213 Ill. 2d at 441. As with a section 2-619 dismissal, we review *de novo* an order granting a section 2-615 motion to dismiss. *Young*, 213 Ill. 2d at 440; *Wakulich*, 203 Ill. 2d at 228. As noted, *de novo* consideration means we perform the same analysis that a trial judge would perform. *Khan*, 408 Ill. App. 3d at 578.

¶ 30        In the case at bar, defendant claims that plaintiff failed to allege facts showing that he had any right to an accounting. Again, defendant focuses on section 17-305 of the Limited Partnership Act as the "sole authority" by which plaintiff could arguably be entitled to an accounting. However, as explained above, under the Limited Partnership Act, a general partner of a limited partnership has the same rights as a partner under the Uniform Partnership Law. Del. Code Ann. tit. 6, § 17-403(a) (West 2018). Section 1522 of the Uniform Partnership Law provides that a partner has the right to an accounting in four circumstances:

> "(1) If the partner is wrongfully excluded from the partnership business or possession of its property by the copartners;
>
> (2) If the right exists under the terms of any agreement;
>
> (3) As provided by § 1521 of this title;
>
> (4) Whenever other circumstances render it just and reasonable." Del. Code Ann. tit. 6, § 1522 (West 1999).

¶ 31        Here, taking plaintiff's allegations as true and drawing all reasonable inferences in his favor, plaintiff's petition sets forth sufficient allegations to bring his claim for an accounting within the requirements of the Limited Partnership Act. The petition alleges that plaintiff, in his capacity as trustee of the Cameron trust, is a general partner of Pearson Investments, a limited partnership. The petition further alleges that certain of Pearson Investments' assets were unlawfully liquidated and that plaintiff has not been provided with information as to the distribution or location of those assets. "The question presented by a motion to dismiss a complaint for failure to state a cause of action is whether sufficient facts are contained in the pleadings which, if established, could entitle the plaintiff to relief." *Feltmeier*, 207 Ill. 2d at 267. In the case at bar, plaintiff's petition contains sufficient facts to entitle plaintiff to relief, if established. Accordingly, we cannot find that section 2-615 provides an alternate basis for affirmance and therefore reverse the trial court's dismissal of count II of the petition with

respect to plaintiff's request for an accounting from Pearson Investments.

¶ 32                                           CONCLUSION

¶ 33    For the reasons set forth above, the trial court erred in dismissing plaintiff's request for an accounting from Pearson Investments for lack of subject-matter jurisdiction, as section 17-305 of the Limited Partnership Act does not apply to general partners of limited partnerships and no other provision of the Limited Partnership Act deprived the trial court of subject-matter jurisdiction. Plaintiff also alleged sufficient facts to state a cause of action for an accounting, so section 2-615 does not provide an alternate basis for dismissal.

¶ 34    However, the trial court properly dismissed plaintiff's request for an accounting from Cameron General for lack of subject-matter jurisdiction, as section 220 of the Corporation Law vests exclusive jurisdiction for the inspection of corporate books and records in the Delaware Court of Chancery.

¶ 35    Affirmed in part and reversed in part.