2024 IL App (1st) 231170-U

No. 1-23-1170

Order filed September 20, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ANDREW SLABON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| COOK COUNTY, TONI PRECKWINKLE, THE | ) | |
| COOK COUNTY ASSESSOR, "PAST AND | ) | |
| PRESENT" *EX OFFICIO* COUNTY ASSESSOR, | ) | |
| COOK COUNTY TREASURER, "PAST AND | ) | |
| PRESENT" *EX OFFICIO* COUNTY COLLECTOR, | ) | No. 21 COTO 5235 |
| BOARD OF REVIEW, LAURIE GUETZOW, YET | ) | |
| UNKNOWN COOK COUNTY EMPLOYEES JOHN | ) | |
| AND JANE DOES, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, THE | ) | |
| CITY OF CHICAGO, AND LORI LIGHTFOOT | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| (Maria Pappas, Cook County Treasurer | ) | Honorable |
| and *Ex Officio* Cook County Collector, | ) | Patrick T. Stanton, |
| Defendant-Appellee). | ) | Judge, presiding. |

_____

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice Tailor and Justice C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the dismissal of plaintiff's amended 2019 tax objection complaint because it was untimely.

¶ 2    Plaintiff Andrew Slabon appeals from the trial court's grant of defendant Maria Pappas, Cook County Treasurer and *ex officio* Cook County Collector's, motion to dismiss his amended 2019 tax objection complaint as untimely pursuant to section 2-619(a)(1) of the Code of Civil Procedure (Code).  735 ILCS 5/2-619(a)(1) (West 2022). On appeal, plaintiff contends that the trial court erred in granting the motion to dismiss "in light of available evidence" and by failing to apply a "liberal construction" to the pleadings. We affirm.

¶ 3    On December 17, 2021, plaintiff filed a 2020 tax objection complaint against defendants Cook County, Toni Preckwinkle, the Cook County Assessor, Past and Present *Ex Officio* County Assessor, Cook County Treasurer, Past and Present *Ex Officio* County Collector, Board of Review, Laurie Guetzow, Yet Unknown Cook County Employees John and Jane Does 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10, the City of Chicago, and Lori Lightfoot.[1] The 2020 tax objection complaint alleged that plaintiff was injured due to defendants' "deliberate indifference" to the dangers of lead exposure when assessing the value of properties in Cook County.

¶ 4    The complaint further alleged that plaintiff challenged the 2019 taxes assessed against a property in the 2600 block of North Mason Avenue in Chicago (Mason property) through a 2020 appeal to the Cook County Board of Review, and that defendant Guetzow heard the appeal. It further alleged that, despite evidence demonstrating that the Mason property lacked running water

---

[1] Plaintiff issued additional summonses to Cook County Assessor Fritz Kaegi, the Cook County Board of Review, Larry R. Rogers Jr., Tammy Wendt, Michael M. Cabonargi, the Cook County Treasury Department (Maria Pappas), and the Cook County Board of Directors (Toni Preckwinkle).

and was subject to a "severe flaw" in property value assessment, plaintiff only received a nominal reduction. The complaint noted that plaintiff was forced to pay $2936.47 in property tax but the Mason property was worthless and unsellable despite an appraised value of $80,000.

¶ 5    On April 5, 2023, defendant Pappas filed a motion to dismiss the 2020 tax objection complaint with prejudice pursuant to section 2-619(a)(1) of the Code. The motion alleged that plaintiff's objection to the 2020 property taxes was untimely as he did not pay the amount due within 60 days of the first penalty date of the final installment due date. See 35 ILCS 200/23-5 (West 2020) ("if any person desires to object to all or any part of a property tax for any year, *** he or she shall pay all of the tax due within 60 days from the first penalty date of the final installment of taxes for that year").

¶ 6    The motion further alleged that the court lacked jurisdiction because plaintiff failed to exhaust available administrative remedies by appealing the 2020 tax assessment valuation to the Cook County Board of Review. See 35 ILCS 200/23-10 (West 2020) ("An objection to an assessment for any year shall not be allowed by the court, however, if an administrative remedy was available by complaint to the board of appeals or board of review *** unless that remedy was exhausted prior to the filing of the tax objection complaint."). The motion finally noted that numerous unnecessary defendants were named in the complaint. See 35 ILCS 200/23-15(a) (West 2020) ("The complaint shall name the county collector as defendant and shall specify any objections that the plaintiff may have to the taxes in question.").

¶ 7    Plaintiff filed a response alleging that although the complaint was titled 2020 tax objection, the content clearly stated that it was a 2019 property tax objection. He therefore sought leave to file an amended complaint correcting the title, which the trial court allowed.

¶ 8    On April 13, 2023, plaintiff filed an amended 2019 tax objection complaint, naming the same defendants and raising the same allegations.

¶ 9    Defendant Pappas filed a motion to dismiss the amended 2019 tax objection complaint pursuant to section 2-619(a)(1) of the Code, alleging that it was untimely because it was not filed within 165 days after the first penalty date of the final installment of taxes for the year in question. See 35 ILCS 200/23-10 (West 2018). Nor was it filed within the extended due date resulting from the Covid-19 pandemic. See Cook County Ordinance 20-5643 (Nov. 24, 2020) (amending Cook County Municipal Code §74-48(a)).

¶ 10    The City of Chicago and Lightfoot also filed a motion to dismiss the 2019 amended tax objection complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2022)), alleging that the Property Tax Code did not provide for a cause of action against a municipality and its mayor for a tax objection. Rather, the proper defendant was the county collector; therefore, defendants the City of Chicago and Lightfoot should be dismissed.

¶ 11    On May 26, 2023, the trial court heard arguments on the motions to dismiss. Following the hearing, the court granted the parties leave to file supplemental exhibits "in accordance with the arguments" made at the hearing and continued the cause until June 15, 2023.

¶ 12    On May 30, 2023, plaintiff filed a supplemental exhibit, which he claimed demonstrates that he exhausted the available administrative remedies prior to filing the tax objection complaint in the circuit court, thereby rendering the 165-day time limit for filing an objection inapplicable.

¶ 13    Attached was an April 1, 2020, letter from the Cook County Board of Review stating that the 2019 assessed valuation for the Mason property was reduced by $1659. The letter stated that, if plaintiff was dissatisfied with the 2019 assessment, he could either (a) appeal to the Property

Tax Appeal Board within 30 days of the notice or 30 days after the Board of Review transmitted its final action on the township where the property was located, whichever was later, or (b) file a tax objection complaint in the circuit court, in which case he was advised to consult the laws governing that procedure.

¶ 14    On June 15, 2023, the trial court granted defendant Pappas' motion to dismiss in a written order, finding that plaintiff's tax objection complaint was untimely filed, and, therefore, the court lacked jurisdiction. The court held, pursuant to the Property Tax Code, there are two jurisdictional prerequisites to filing a tax objection complaint in the circuit court: (1) the taxpayer must file the tax objection complaint within 165 days after the first penalty date of the final installment of taxes of the year in question, and (2) the taxpayer must have exhausted the available administrative remedies. See 35 ILCS 200/23-10 (West 2018). The court found, due to the pandemic, the due date for the second installment of 2019 property taxes was October 1, 2020; therefore, plaintiff had 165 days to timely file a tax objection complaint from that penalty date, or until March 16, 2021. The instant complaint, filed December 17, 2021, was therefore untimely. Consequently, the court lacked jurisdiction and dismissed the tax objection complaint. The court did not reach the issues raised in the motion to dismiss filed by defendants the City of Chicago and Lightfoot.[2]

¶ 15    On June 20, 2023, plaintiff filed a motion to clarify, which the court denied on June 26, 2023.

¶ 16    On appeal, plaintiff contends that he was "potential[ly]" denied justice due to the trial court's failure to present "clear rationale and reasoning" for its dismissal order. Plaintiff further

---

[2] Defendants the City of Chicago and Lightfoot have filed a brief in this court in support of their motion to dismiss. Given the trial court's lack of jurisdiction, it did not reach these defendants' arguments; neither does this court.

contends that the trial court erred in granting the motion to dismiss "in light of available evidence" that he was entitled to relief and its failure to apply a "liberal construction" to the pleadings.

¶ 17 We disagree. The trial court correctly dismissed plaintiff's complaint pursuant to section 2-619(a)(1) of the Code, which permits dismissal of an action where the court lacks subject matter jurisdiction. 735 ILCS 5/2-619(a)(1) (West 2022). We review the dismissal of a complaint *de novo*. *Pinkston v. City of Chicago*, 2023 IL 128575, ¶ 22.

¶ 18 Subject matter jurisdiction refers to a court's power to hear and decide cases of a general class. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2015 IL 117443, ¶ 15. Circuit courts have original jurisdiction over all justiciable matters pursuant to the Illinois Constitution, except in administrative review actions and certain cases for which the Illinois Supreme Court has exclusive jurisdiction. *Id.*

¶ 19 "Tax objections are governed by principles of limited jurisdiction." See *KT Winneburg, LLC v. Calhoun County Board of Review*, 403 Ill. App. 3d 744, 750 (2010). "Where the legislature enacts a comprehensive statutory scheme, creating rights and duties which have no counterpart in common law or equity, the legislature may define the 'justiciable matter' in such a way as to preclude or limit the jurisdiction of the circuit courts." *Board of Education of Warren Township High School District 121 v. Warren Township High School Federation of Teachers, Local 504*, 128 Ill. 2d 155, 165 (1989); see also *In re Estate of Gebis*, 186 Ill. 2d 188, 193 (1999) (where "the circuit court's power to act is controlled by statute, the circuit court is governed by the rules of limited jurisdiction and must proceed within the statute's strictures"). Accordingly, when the circuit court exercises "special statutory jurisdiction, 'if the mode of procedure prescribed by statute is not strictly pursued, no jurisdiction is conferred on the circuit court.' " *Belleville Toyota,*

*Inc. v. Toyota Motor Sales, U.S.A.*, 199 Ill. 2d 325, 339 (2002) (quoting *Fredman Brothers Furniture Co., Inc. v. Department of Revenue*, 109 Ill. 2d 202, 210 (1985)).

¶ 20    The Property Tax Code sets forth a comprehensive statutory scheme regulating the assessment and collection of taxes. See 35 ILCS 200/1-1 *et seq.* (West 2018). Section 23-5 of the Property Tax Code provides, "if any person desires to object to all or any part of a property tax for any year, for any reason other than that the property is exempt from taxation, he or she shall pay all of the tax due within 60 days from the first penalty date of the final installment of taxes for that year." 35 ILCS 200/23-5 (West 2018). In counties with more than three million inhabitants, such as Cook County, having made such payment "under protest" (*id.*), he or she then may file a tax objection complaint in the circuit court of the county in which the subject property is located within 165 days after the first penalty date of the final installment of taxes for the year in question. 35 ILCS 200/23-10, 23-15(a) (West 2018). The complaint must name the county collector as defendant and "specify any objections that the plaintiff may have to the taxes in question." 35 ILCS 200/23-15(a) (West 2018).

¶ 21    Accordingly, for plaintiff to bring a tax objection complaint before the trial court he had to comply with the Property Tax Code's requirement to file it within 165 days after the first penalty date of the final installment of property taxes for the year in question.  See 35 ILCS 200/23-10 (West 2018).

¶ 22    For the 2019 tax year, the first penalty date for the final installment of taxes was August 4, 2020, the first business day after the statutory due date for the final installment. See 35 ILCS 200/21-25 (West 2018) ("For all tax years, the second installment of unpaid taxes shall be deemed delinquent and shall bear interest after August 1 annually at the same interest rate until paid or

forfeited."). Because August 1, 2020, was a Saturday, the due date was extended to the next business day, Monday, August 3, 2020. See 5 ILCS 70/1.11 (West 2020) (the time within which any act is to be done includes the last day, unless that day is a Saturday, Sunday, or holiday). Therefore, pursuant to section 23-10 of the Property Tax Code, plaintiff had to file the instant tax objection complaint within 165 days of August 4, 2020, which was January 19, 2021.[3] See 35 ILCS 200/23-10 (West 2018). He waited until December 17, 2021, to file the tax objection complaint, making it untimely.

¶ 23    His complaint was also untimely under the pandemic extension passed by the Cook County Board. Since October 1, 2020, was the due date for the final installment of 2019 taxes as provided by the pandemic extension, then the first penalty date was October 2, 2020. Under this calculus, plaintiff had until March 16, 2021, to timely file a tax objection complaint. By waiting until December 17, 2021, his complaint was untimely.

¶ 24    Plaintiff addresses the 165-day time limit for the first time in his second reply brief and argues that the 165-day time limit does not apply when administrative remedies are available. He asserts that the 165-day time limit only applies to those cases where administrative remedies are unavailable, and that its application to cases where administrative remedies are available could result in limited time in which to seek judicial review. Plaintiff further contends that applying a time limit to cases where administrative remedies are available grants the county the ability to "manipulate" the time in which a taxpayer may file a tax objection complaint.

---

[3] Because the filing deadline was Saturday, January 16, 2021, and Monday, January 18, 2021, was a holiday, the filing deadline was extended to January 19, 2021. See 5 ILCS 70/1.11 (West 2020).

¶ 25　Contrary to plaintiff's argument, section 23-10 of the Property Tax Code does not state that the 165-day time limit begins on the date that administrative remedies are exhausted. Rather, the text of section 23-10 states:

> "in counties with 3,000,000 or more inhabitants, the person paying the taxes due *** may file a tax objection complaint under Section 23-15 within 165 days after the first penalty date of the final installment of taxes for the year in question. *** An objection to an assessment for any year shall not be allowed by the court, however, if an administrative remedy was available by complaint to the board of appeals or board of review *** unless that remedy was exhausted prior to the filing of the tax objection complaint." 35 ILCS 200/23-10 (West 2018).

¶ 26　Based on the plain language of section 23-10, a tax objection complaint must be filed "within 165 days after the first penalty date of the final installment of taxes for the year in question," and administrative remedies must be exhausted prior to the filing of the tax objection complaint. *Id.* Plaintiff's position that the 165-day time limit does not apply to cases where administrative remedies are available is not supported by the clear and unambiguous language of the statute. See *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 45-46 (2002) (when a statute's language is clear and unambiguous, "we must apply the statute without resort to further aids of statutory construction"). Section 23-10 does not include an exception to the 165-day time limit for those cases where administrative remedies are available, and we decline plaintiff's invitation to create one. See *Hines v. Department of Public Aid*, 221 Ill. 2d 222, 230 (2006) (when a statute's language is clear and unambiguous, a court may not "read into the statute exceptions, limitations, or conditions which the legislature did not express").

¶ 27　No matter whether the original or the extended penalty date applies, plaintiff's tax objection complaint filed on December 17, 2021, was untimely. Consequently, the trial court lacked jurisdiction and properly granted defendant Pappas' motion to dismiss. *Belleville Toyota, Inc.*, 199 Ill. 2d at 339 (when the circuit court exercises special statutory jurisdiction, no jurisdiction is conferred on the court if the mode of procedure prescribed by statute is not strictly followed).

¶ 28　For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 29　Affirmed.